IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CEREBRUM SENSOR TECHNOLOGIES, INC. and TIRE STICKERS LLC,<br><br>Plaintiffs,<br><br>v.<br><br>REVVO TECHNOLOGIES, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 24-245-JLH-SRF<br>)<br>)<br>)<br>)<br>) |

**<u>REPORT AND RECOMMENDATION</u>**

Presently before the court in this patent infringement action is a partial motion to dismiss for failure to state a claim under Rule 12(b)(6), filed by defendant Revvo Technologies, Inc. ("Defendant").[1] (D.I. 21) For the following reasons, I recommend that the court GRANT-IN-PART the partial motion to dismiss.

**I.    BACKGROUND**

Plaintiffs Cerebrum Sensor Technologies, Inc. and Tire Stickers LLC (collectively, "Plaintiffs") brought this suit on February 23, 2024, alleging infringement of United States Patent Nos. 10,137,741 ("the '741 patent"), 11,124,027 ("the '027 patent"), and 11,835,421 ("the '421 patent;" collectively, the "Asserted Patents") by Defendant's Revvo Tire Sensor Products and Revvo Wheel Sensor Products (together, the "Accused Products").[2] (D.I. 1 at ¶¶ 1-2, 25-26) The '741 and '027 patents, titled "Display Assemblies and Methods for Applying the Same to Vulcanized Rubber Articles," are directed to display assemblies and methods of applying those display assemblies to a vulcanized rubber article, such as the sidewall surface of a tire. (*Id.* at ¶¶

---

[1] The briefing associated with the pending motion is found at D.I. 22, D.I. 25, and D.I. 26.
[2] The court refers to the Accused Products consistent with the way they are defined by Plaintiffs in the complaint. (D.I. 1 at ¶ 25)

10-11; Exs. A-B) The '421 patent, titled "Sensor Assemblies and Systems for Monitoring a Dynamic Object," discloses electrical sensor assemblies and systems configured to monitor and transmit data relating to the operating parameters and/or conditions of a tire. (*Id.*, Ex. C) Keith Ferry is listed as an inventor on all three Asserted Patents. (*Id.*, Exs. A-C)

Defendant sells sensor products within the United States through its website. (D.I. 1 at ¶¶ 25-26) Attached to the complaint are claim charts depicting the Revvo Wheel Sensor Products and the Revvo Tire Sensor Products. (D.I. 1, Exs. D-F) The claim chart for the '421 patent depicts the Revvo Wheel Sensor Products, which can be mounted onto a wheel to "provide[ ] data for tire pressure, temperature, wheel security, position, predicted tread, and more."



(D.I. 1, Ex. F at 4) The claim chart for the '741 patent maps the claim elements to features of the Revvo Tire Sensor Products depicting a tire sensor with a layer of adhesive backing that is attached to the tire with vulcanizing fluid:

2





(*Id.*, Ex. D at 8)

Defendant filed a partial motion to dismiss the complaint on May 31, 2024. (D.I. 21) The partial motion to dismiss seeks dismissal of Count I, which asserts a cause of action for infringement of the '741 patent, and parts of Count III, which alleges infringement of the '421 patent. (D.I. 22) Additional background relevant to specific arguments in Defendant's motion to dismiss is included in the court's analysis.

## II. LEGAL STANDARD

Rule 12(b)(6) permits a party to seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). In assessing the plausibility of a claim, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555–56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). "[A] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.* at 231.

4

## III. DISCUSSION

Defendant moves to dismiss Count I of the complaint for infringement of the '741 patent in its entirety. (D.I. 22 at 11-17) Defendant also seeks dismissal of the portions of Count III addressing indirect and willful infringement of the '421 patent, as well as direct infringement of the Revvo Wheel Sensor Products. (*Id.* at 5-7, 9-10) Defendant does not move to dismiss Count II of the complaint, which avers infringement of the '027 patent by the Revvo Tire Sensor Products,[3] or the portion of Count III alleging direct infringement of the '421 patent by the Revvo Tire Sensor Products. (*Id.* at 7-10; D.I. 1 at ¶¶ 50-58; D.I. 25 at 16) For the following reasons, I recommend that the court address the partial motion to dismiss as follows:

| COUNT | CLAIM | RECOMMENDATION |
|---|---|---|
| **Count I:** '741 patent | Direct infringement | DENY |
| | Indirect infringement | DENY |
| | Willful infringement | DENY |
| **Count III:** '421 patent | Direct infringement | DENY |
| | Indirect infringement | GRANT re: pre-suit infringement; DENY re: post-suit infringement |
| | Willful infringement | GRANT re: pre-suit infringement; DENY re: post-suit infringement |

### A. Indirect and Willful Infringement of the '421 Patent (Count III)

Claims for indirect infringement require a showing that "the defendant's conduct occurred after the defendant (1) knew of the existence of the asserted patent and (2) knew that a third party's acts constituted infringement of the patent." *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 249 (D. Del. 2021) (citing *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632 (2015)). Likewise, a cause of action for willful infringement "require[s] proof that the defendant knew about the asserted patents and knew or should have known that its

---

[3] Plaintiffs confirm that Counts I and II of the complaint allege infringement of the '741 and '027 patents only by the Revvo Pro Tire Mounted Sensor, and there are no pleaded allegations of infringement of these patents by the Revvo Wheel Sensor. (D.I. 25 at 6; *see* D.I. 26 at 6 n.4)

5

conduct amounted to infringement of those patents." *Id.* (citing *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2019 WL 1349468, at *1 (D. Del. Mar. 26, 2019)). The knowledge requirement can be met by a showing of either actual knowledge or willful blindness. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011); *see Koninklijke Philips N.V. v. Lenovo (United States) Inc.*, C.A. No. 20-1242-CFC, 2024 WL 1050637, at *2 (D. Del. Mar. 11, 2024) ("A defendant is willfully blind to patent infringement only if it takes deliberate actions to avoid confirming a high probability of wrongdoing and . . . can almost be said to have actually known the critical facts.") (internal quotation marks omitted).

Defendant argues that Plaintiffs' claims for indirect and willful infringement of the '421 patent should be dismissed because the complaint contains no plausible allegations that Defendant had pre-suit knowledge of the '421 patent. (D.I. 22 at 5-7) In response, Plaintiffs refer to the complaint's discussion of a list of references cited by the examiner in response to Defendant's patent application number 15/929,988. (D.I. 25 at 17-18; D.I. 1 at ¶ 37) The complaint avers that this list of references included "Keith Ferry's published patent application 2021/0129601, which is based on Keith Ferry's patent application number 16/671,105, which eventually yielded the '421 Patent through Keith Ferry's patent application number 17/084,483." (D.I. 1 at ¶ 37) Plaintiffs contend that this allegation is sufficient to establish Defendant's pre-suit awareness of the application leading to the '421 patent no later than April 15, 2022. (D.I. 25 at 17)

The complaint does not allege that the '421 patent, or the application leading to the issuance of the '421 patent, was cited by the examiner during prosecution of Defendant's Patent Application No. 15/929,988 ("the '988 application"). Instead, the complaint states that the examiner cited to U.S. Patent Publication 2021/0129601 ("the '601 publication") during

6

prosecution of the '988 application. (D.I. 1 at ¶ 37) The '601 publication is based on Patent Application No. 16/671,105 ("the '105 application") and has not yet issued as a patent. (*Id.*) The face of the '421 patent shows that it issued from Patent Application No. 17/084,483, which was a continuation-in-part of the '105 application. (D.I. 1, Ex. C) The connection between the examiner's cursory citation to the '601 publication during prosecution of the '988 application and the issuance of the '421 patent as a continuation-in-part of the '105 application is too tenuous to give rise to a plausible inference of Defendant's knowledge of the '421 patent or its application as of April 15, 2022. *See State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("Filing an application is no guarantee any patent will issue," and "[w]hat the scope of claims in patents that do issue will be is something totally unforeseeable."); *see also Vasudevan Software, Inc. v. TIBCO Software Inc.*, 2012 WL 1831543, at *3 (N.D. Cal. May 18, 2012) ("The requisite knowledge of the patent allegedly infringed simply cannot be inferred from mere knowledge of *other* patents, even if somewhat similar.") (emphasis in original).

    The pleaded facts supporting Plaintiffs' allegations of knowledge of the '421 patent are even weaker than those before the court in *DermaFocus LLC v. Ulthera, Inc.*, where the plaintiff's indirect infringement claims were dismissed at the pleading stage. 201 F. Supp. 3d 465, 467-68, 471 (D. Del. 2016). In *DermaFocus*, the court recognized that the patent-in-suit was one of only seven prior art references listed in an information disclosure statement ("IDS") by the defendant during prosecution of one of the defendant's patent applications. *Id.* at 471. However, the patent-in-suit was not mentioned again during prosecution of the defendant's patent application or otherwise disclosed by the defendant before the plaintiff brought suit. *Id.* The court acknowledged it was possible that the defendant had pre-suit knowledge of the patent-in-suit, but concluded that the pleaded allegations were "neither likely nor reasonable; i.e., no

7

plausible inference arises from the alleged facts that **defendant** had knowledge" of the patent-in-suit. *Id.* (emphasis in original) (also granting motion to dismiss cause of action for pre-suit willful infringement "[g]iven the implausible inferences related to pre-suit knowledge[.]"). Here, the passing reference to the '601 publication originated from the examiner, as opposed to Defendant or an inventor or employee associated with Defendant.

Plaintiffs also allege that the pleading plausibly avers pre-suit communications with Defendant regarding Plaintiff's intellectual property. (D.I. 25 at 17-18) The complaint states that Plaintiffs attempted to contact Defendant by letter and email in early December of 2023 to discuss Plaintiffs' intellectual property but Defendant was non-responsive. (D.I. 1 at ¶¶ 38-39) These communications were sent on December 1 and 2, several days before the '421 patent issued on December 5, 2023, and the complaint does not suggest they mentioned the application leading to the '421 patent's issuance. (*Id.* at ¶¶ 12, 38-39) The same is true of Plaintiffs' pre-suit letter to Defendant on January 17, 2024, after the '421 patent had issued. (*Id.* at ¶ 40) That letter identified the '741 and '027 patents but did not disclose the '421 patent. (*Id.*) These communications could not plausibly provide Defendant with knowledge of the '421 patent or knowledge of its alleged infringement when there is no indication that the '421 patent was referenced in the communications. *See Bench Walk Lighting LLC v. LG Innotek Co., Ltd.*, 530 F. Supp. 3d 468, 492 (D. Del. 2021).

The analysis does not change when the examiner's reference list during prosecution of the '601 publication is viewed in combination with the pre-suit letters because none of the alleged bases of pre-suit knowledge actually disclosed the '421 patent or the application leading to its issuance. In *Lytone Enterprise, Inc. v. AgroFresh Solutions, Inc.*, the patent-in-suit was listed in an IDS and its subject matter was disclosed to the defendant's parent company pursuant

8

to a nondisclosure agreement. C.A. No. 20-678-LPS-SRF, 2021 WL 534868, at *3 (D. Del. Feb. 12, 2021). Here, in contrast, the pre-suit communications and the examiner's reference list did not directly address the '421 patent.

The court's decision in *Voip-Pal.com, Inc. v. Facebook, Inc.* is also distinguishable. 2022 WL 1394550, at *2-4 (W.D. Tex. May 3, 2022). There, the court determined that the parties' ongoing litigation, a notice letter of a pending patent application, and the defendants' monitoring of the plaintiff's patent portfolio were sufficient to plausibly plead pre-suit knowledge when viewed in combination. *Id.* The complaint in the instant case is distinguishable because it contains no averments suggesting that Defendant monitored any aspect of Plaintiffs' patent portfolio, and the pre-suit notice letters did not specifically identify the '421 patent or its associated application.

According to Plaintiffs, even if the complaint fails to plausibly plead pre-suit notice of the '421 patent, the claims may still survive under a theory of willful blindness. (D.I. 25 at 20) But Plaintiffs do not cite any averments in the complaint that suggest Defendant took "deliberate actions to avoid confirming a high probability of wrongdoing[.]" *Global-Tech*, 563 U.S. at 769. No pleaded allegations point to deliberate acts Defendant took to avoid confirming any probability that Defendant was infringing patents that did not exist or were not mentioned when the plaintiff sent its notice letters. *Id.* For these reasons, I recommend that the court GRANT Defendant's motion to dismiss Plaintiffs' causes of action for pre-suit indirect and willful infringement of the '421 patent.

I recommend that the court DENY Defendant's motion to the extent that it seeks dismissal of Plaintiffs' post-suit allegations of indirect and willful infringement after February 23, 2024. Defendant acknowledges that there is a split of authority in this district on the viability

of post-suit indirect and willful infringement claims based on knowledge gained from the filing of the complaint. (D.I. 26 at 6); *see Technoprobe S.p.A. v. Formfactor, Inc.*, C.A. No. 23-842-JCG, 2024 WL 2271885, at *7 (D. Del. May 20, 2024) (surveying cases). The District Judge assigned to this case has held that such claims can survive a motion to dismiss. *Ravgen, Inc. v. Ariosa Diagnostics, Inc.*, C.A. No. 20-1646-RGA-JLH, 2021 WL 3526178, at *4 (D. Del. Aug. 11, 2021). Under this line of reasoning, allegations of continued infringement in the complaint are enough to plausibly show the knowledge required to state a claim of post-suit indirect or willful infringement. *EyesMatch Ltd. v. Facebook, Inc.*, C.A. No. 21-111-RGA-JLH, 2021 WL 4501858, at *3 (D. Del. Oct. 1, 2021) (citing *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB *et al.*, 2019 WL 330515 (D. Del. Jan. 25, 2019)). Consequently, Plaintiffs' post-suit indirect and willful infringement claims are viable.

## B. Infringement of the '421 Patent by the Revvo Wheel Sensor Products (Count III)

Defendant also challenges Plaintiffs' cause of action for direct infringement of the '421 patent by the accused Revvo Wheel Sensor Products. (D.I. 22 at 9-10) To be clear, Defendant does not move to dismiss Count III to the extent that it alleges a cause of action for direct infringement of the '421 patent by the accused Revvo Tire Sensor Products. (*Id.*; D.I. 25 at 14) "[T]o state a claim of direct infringement sufficient to withstand a motion to dismiss, a plaintiff must plead facts that plausibly suggest . . . the accused product meets each limitation of the asserted claim(s)." *Kajeet, Inc. v. Gryphon Online Safety, Inc.*, C.A. No. 19-2370-MN, 2021 WL 780737, at *3 (D. Del. Mar. 1, 2021). Here, Defendant's challenge focuses on the merits of Plaintiffs' infringement claim, alleging that the Revvo Wheel Sensor Products do not satisfy every element of the asserted claims of the '421 patent. (D.I. 22 at 10; *see* D.I. 1, Ex. F at 4) Specifically, Defendant contends that the claim charts fail to show how the Revvo Wheel Sensor

10

Products meet the '421 patent claim limitations requiring a "retaining member" with an "outside surface configured for attachment to rotate with the object when the object is rotated in use[.]" (*Id.* at 10; D.I. 26 at 7)

Plaintiffs' claim chart for the '421 patent is sufficient at this early stage to set forth a plausible claim for infringement by the Revvo Wheel Sensor Products. The complaint and associated attachments specifically identify the Revvo Wheel Sensor Products, and the claim chart for the '421 patent mapping each limitation of the asserted claims to aspects of the Revvo Wheel Sensor Products based on images of the products taken from Defendant's website. (D.I. 1 at ¶¶ 25-26; Ex. F) These allegations are sufficient to put Defendant on notice that its Revvo Wheel Sensor Products are being accused of infringing each and every element of the asserted claims of the '421 patent. *See Boston Fog, LLC v. Ryobi Techs., Inc.*, C.A. No. 19-2310-LPS-JLH, 2020 WL 1532372, at *3 (D. Del. Mar. 31, 2020) (denying motion to dismiss direct infringement claim where the pleading alleged infringement of each element of the asserted claim by the accused product and provided a corresponding claim chart).

Defendant's position that the Revvo Wheel Sensor Products do not meet the "retaining member" limitation of the '421 patent is not properly resolved on a motion to dismiss. *Id.* at *4 (declining to resolve claim construction arguments on a motion to dismiss). The Federal Circuit has held that there is no requirement for a plaintiff to "plead facts establishing that each element of an asserted claim is met" to state a claim for infringement at the pleading stage. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (internal quotation marks and citations omitted). Moreover, Plaintiffs maintain that the "retaining member" limitation of the '421 patent is satisfied by the Revvo Wheel Sensor Products' "case to fit on the wheel," as described in the claim chart:

11

Exhibit F – Revvo's Infringement of U.S. Patent No. 11,835,421 (exemplary evidence)

| U.S. Patent No. 11,835,421 (exemplary claims) | Revvo's Products (exemplary evidence – Exhibits G, H and K) |
|---|---|
|  | **WHEEL**<br>Revvo Wheel uses Revvo's PRO sensor and a modified case to fit on the wheel of any vehicle. This mounting option provides a one time installation of sensors on a vehicle and provides data for tire pressure, temperature, wheel security, position, predicted tread, and more. All data from Wheel sensors are sent to Revvo in vehicle gateways or vehicle telematics via BLE. Sensors are automatically detected and registered to vehicles, no need for additional hardware or apps to setup!<br><br>**Exhibit G** |

(D.I. 25 at 16; D.I. 1, Ex. F at 13)  Thus, issues of claim construction and factual disputes regarding the merits of Plaintiffs' infringement claim preclude dismissal at this stage. *See Bausch & Lomb Inc. v. SBH Holdings LLC*, C.A. No. 20-1463-LPS, 2022 WL 856750, at *4 (D. Del. Mar. 23, 2022).

### C. Infringement of the '741 Patent (Count I)

Defendant argues that the complaint also fails to state a plausible claim for infringement of the '741 patent by the Revvo Tire Sensor Products. (D.I. 22 at 11-17) As with Defendant's arguments discussed at § III.B, *supra*, Defendant raises issues that implicate the proper construction of the claim term "vulcanized" and the merits of Plaintiffs' infringement claim. *Boston Fog*, 2020 WL 153372, at *3-4.  The complaint identifies the accused Revvo Tire Sensor Products and attaches a claim chart setting forth Plaintiffs' theory on how the accused product satisfies each element of the asserted claims of the '741 patent. (D.I. 1 at ¶¶ 25-26; Ex. D)  This is sufficient to state a plausible claim for infringement. *Boston Fog*, 2020 WL 153372, at *3.

According to Defendant, the prosecution history of the '741 patent requires the claimed "display layer" and "intermediate layer" to be vulcanized together *before* attaching the claimed

12

display assembly to a tire, but the accused Revvo Tire Sensor Products feature components that are vulcanized together *when* attached to the tire, as opposed to before. (D.I. 22 at 11-14) But the claim chart attached to the complaint shows that Plaintiffs' theory of infringement of the '741 patent is plausible. The chart identifies the "display layer" of the Revvo Tire Sensor Products as the black portion of the sensor, and the "intermediate layer" as the white portion in direct contact with the display layer:

Exhibit D – Revvo's Infringement of U.S. Patent No. 10,137,741 (exemplary evidence)

| U.S. Patent No. 10,137,741 (exemplary claims) | Revvo's Products (exemplary evidence – Exhibits G, H and K) |
|---|---|
| one or more display layers of elastomeric material configured to provide a display indicia; | Exhibit K |

Exhibit D – Revvo's Infringement of U.S. Patent No. 10,137,741 (exemplary evidence)

| U.S. Patent No. 10,137,741 (exemplary claims) | Revvo's Products (exemplary evidence – Exhibits G, H and K) |
|---|---|
| wherein the intermediate layer is in direct contact with at least of the one or more display layers, | <br>Exhibit H |

(D.I. 1, Ex. D at 4, 6) Defendant's position that these two layers are not "vulcanized together before attachment with the vulcanized rubber article" depends on the proper construction of the term "vulcanized," which cannot be resolved at this stage. *See CoolTVNetwork.com, Inc. v. Facebook, Inc.*, C.A. No. 19-292-LPS-JLH et al., 2019 WL 4415283, at *6 (D. Del. Sept. 16, 2019) ("[W]hile Defendants deny that claim construction is necessary to resolve this dispute, it is clear that it cannot be resolved without construing the [disputed] term[.]"). Moreover, Plaintiffs' chart indicates that this element is met because the white and black layers are attached to each other before they are attached to the tire in a subsequent step:

14



(D.I. 1, Ex. D at 10)

Defendant also invokes the doctrine of prosecution history estoppel to argue that Plaintiffs are barred from raising a doctrine of equivalents theory to capture vulcanization of the display and intermediate layers that does not occur prior to attachment to the tire. (D.I. 22 at 16) According to Defendant, Plaintiffs surrendered a broader scope during prosecution when they emphasized the importance of vulcanizing the display and intermediate layers together before attaching them to the tire. (*Id.*) As described above, however, Plaintiffs' claim chart indicates that the display and intermediate layers are "vulcanized" before they are attached to the tire, and the term "vulcanized" is a disputed claim term.

Defendant's argument "requires the [c]ourt to consider materials outside of the pleadings and perform an early claim construction, practices either unpermitted or unwarranted at the motion to dismiss stage." *Bausch & Lomb Inc. v. SBH Holdings LLC*, C.A. No. 20-1463-LPS,

15

2022 WL 856750, at *4 (D. Del. Mar. 23, 2022); *see also Mallinckrodt IP Unlimited Co. v. B. Braun Med. Inc.*, C.A. No. 17-365-LPS, 2018 WL 2254540, at *1 (D. Del. May 17, 2018) (denying a motion to dismiss that "essentially asks the [c]ourt to take [the defendant's] contrary allegations as true and to resolve claim construction disputes, as well as issues of prosecution history estoppel and disclaimers, and infringement, on a motion filed pursuant to Federal Rule of Civil Procedure 12."). Moreover, Plaintiffs suggest that prosecution history estoppel does not apply because the claim amendments made during prosecution bear no more than a tangential relation to the alleged equivalent. (D.I. 25 at 13) Defendant does not address the applicability of the tangential relation exception in its reply brief. (D.I. 26) Consequently, I recommend that the court DENY Defendant's motion to dismiss Count I of the complaint.

## IV. CONCLUSION

For the reasons discussed above, I recommend that the court GRANT-IN-PART Defendant's motion to dismiss. Specifically, I recommend that the court GRANT the motion to dismiss Plaintiffs' claims for pre-suit indirect and willful infringement of the '421 patent. (D.I. 21) I recommend that the court DENY the motion to dismiss in all other respects.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b). The objections and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: January 10, 2025

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE