**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CEREBRUM SENSOR TECHNOLOGIES, INC. AND TIRE STICKERS LLC, | ) ) ) | |
| | ) | C.A. No. 24-245-JLH-SRF |
| Plaintiffs, | ) | |
| | ) | **PUBLIC VERSION** |
| v. | ) | |
| | ) | |
| REVVO TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S LETTER TO THE HONORABLE SHERRY R. FALLON
<u>REGARDING DISCOVERY DISPUTE</u>**

OF COUNSEL:
Reuben Chen
COOLEY LLP
3175 Hanover Street
Palo Alto, California 94304-1130
(650) 843-5000
rchen@cooley.com

Adam Pivovar
Rachel Preston
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
(202) 842-7800
apivovar@cooley.com
rpreston@cooley.com

Kelly E. Farnan (#4395)
Sara M. Metzler (#6509)
Jessica E. Blau (#7163)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
metzler@rlf.com
blau@rlf.com

*Attorneys for Defendant Revvo Technologies, Inc.*

Dated: January 30, 2025

i



**RICHARDS
LAYTON &
FINGER**

Kelly E. Farnan
(302) 651-7705
Farnan@rlf.com

January 30, 2025

**VIA CM/ECF & HAND DELIVERY**                    **HIGHLY CONFIDENTIAL**
The Honorable Sherry R. Fallon                          **FILED UNDER SEAL**
United States Magistrate Judge
J. Caleb Boggs Federal Building
844 N. King Street, Unit 14, Room 6100
Wilmington, DE 19801

Re:   *Cerebrum Sensor Techs., Inc. et al v. Revvo Techs., Inc.*, C.A. No. 24-245-JLH-SRF

Dear Judge Fallon:

Pursuant to Your Honor's *Oral Order Setting Teleconference* (D.I. 69), Defendant Revvo
Technologies, Inc. ("Revvo") seeks an order to compel Plaintiffs Cerebrum and Tire Stickers
("Plaintiffs") to comply with its discovery obligations in this case that are highly relevant to the
parties' claim construction disputes and other material aspects of the case.

**The Evidentiary Basis and Sufficiency of Plaintiffs' Infringement Contentions.**  Plaintiffs'
infringement contentions rely on factual assertions that are incorrect.  Each of the asserted claims
of the asserted '741 patent require that "the one or more display layers and the intermediate layer
are vulcanized together before attachment with the vulcanized rubber article."  (*See* '741 patent,
D.I. 1-1 at Ex. A, independent claims 1, 11, and 19).  Plaintiffs contend that the rubber docking
unit is a "display layer" and ▮▮▮▮▮▮▮▮▮ applied to the underside of the dock is the
"intermediate layer" under the asserted claims of the '741 patent. (*See* Ex. 2 at 3-4 ("alleging [t]he
dock" as the "display layer") and 6, 15 (alleging that "[t]he intermediate layer ▮▮▮▮▮▮▮").

Plaintiffs were provided with a declaration from an individual for Revvo's supplier—▮
▮▮▮▮▮▮▮▮▮▮▮▮▮—that described the manufacturing process of
Revvo's accused dock by ▮▮▮. (*See* Ex. 1.) ▮▮▮▮ detailed the steps ▮▮ used to apply a
▮▮▮▮ Revvo's docking unit, noting expressly that "the materials and methods ▮
used to apply ▮▮▮▮▮▮ onto Revvo's docks *does not result in the* ▮▮▮▮
*being vulcanized to the dock*." (Ex. 1, ¶6.) As ▮▮▮ explained, ▮ first applied a layer
of "▮▮▮▮▮▮▮▮▮ of the Revvo docking unit" and "[t]he ▮▮▮
▮▮▮▮▮▮▮▮▮▮ (Ex. 1, ¶¶8-9.)
"▮▮▮▮▮▮▮▮▮▮," such that the ▮
▮▮ is disposed between the Revvo docking unit and ▮▮▮
▮▮▮ (Ex. 1, ¶¶10-11.) As
▮▮ *is not vulcanized to the Revvo docking unit*." (Ex. 1, ¶12.) Additionally, ▮ further
explained that "[t]he absence of any vulcanization between ▮▮▮▮ and the Revvo
docking unit is also shown by the fact that ▮▮▮▮▮▮▮

One Rodney Square ▪ 920 North King Street ▪ Wilmington, DE 19801 ▪ Phone: 302-651-7700 ▪ Fax: 302-651-7701

www.rlf.com

██████████████████████████████████████████ *…which would not be possible if* ██████ *and the Revvo docking unit were vulcanized together.*"  (Ex. 1, ¶14.)

Despite being made aware of the non-vulcanizing ██████████████████ disposed between the docking unit and ██████████████ Plaintiffs' infringement contentions make allegations under the '741 patent that have no basis in fact.  Specifically, despite knowing that ██████████ ████████████ "has no chemical vulcanizing agents" and that there is ██████████████ ████████████████████████████ docking units (Ex. 1, ¶9), Plaintiffs' infringement contentions nevertheless allege that Revvo's accused products infringe the '741 patent based on the factual assertion that they have a layer of "black cement" that "include[s] an accelerant" between the docking unit and the cushion gum layer.  (*See* Ex. 2, 24-26).  This lacks any evidentiary basis. Plaintiffs know well that ██████████████ refutes any existence of a "black cement" with any "vulcanizing agents" (e.g., accelerants) between ██████████████ and Revvo's docking unit.  They simply chose to ignore the true facts.

Indeed, Plaintiffs further allege that such "black cement" is a material made and sold by ██████ under the name ██████████████ (*Id.*)  But Plaintiffs also know the ██████████ because there is ████████████████████████████████████ no vulcanizing agent within the ██████████████ —and, in contrast, ██████ has a vulcanizing agent.  Furthermore, ██████████ is a heat-activated vulcanizing cement and, ██████ ████████████████████████████████ .  (*See, e.g.*, Ex. 2 at 26 ("Black Cement" – "Heat Cure Applications").)  Thus, Plaintiffs' infringement contentions relying on the false assertion that ██████████████ is present between the ██████████████ and the docking unit nevertheless cannot support any notion of those aspects of Revvo's accused products being "vulcanized together" because they are never subjected to any heat treatment.

This Court has recognized that "[l]itigants are under an obligation to supplement their preliminary contentions in accordance with Federal Rule of Civil Procedure 26(e)" when "the party learns that in some material respect the disclosure or response is incomplete or incorrect."  *See Cirba Inc. v. WMware, Inc.*, Case No. 19-742-LPS, 2021 WL 7209447, at *4 (D. Del. December 14, 2021).  Here, Plaintiffs were aware of ██████████████ before serving their factually incorrect infringement contentions.  Plaintiffs will likely assert that they need additional discovery from ██████ and that there remains a claim construction dispute regarding the meaning of "vulcanized."  But neither of these arguments excuse Plaintiffs from using baseless factual allegations to maintain their infringement allegations.  Plaintiffs should not be allowed to persist with such factually irrelevant allegations to unduly expand the scope of this case and unnecessarily increase litigation costs.  Revvo thus requests that the Court order Plaintiffs to supplement their infringement contentions under the '741 patent such that they are consistent with factual reality and require Plaintiffs to remove any reliance on "black cement" or ██████████████ since it is simply not used in ██████ process for applying ██████████ to the dock.

**The Sufficiency of Plaintiffs' Response to Revvo's Interrogatory No. 3.** The Complaint alleges constructive notice under 35 U.S.C. § 287 through virtual marking of certain Cerebrum products:

> 23. . . . Tire Stickers and Cerebrum have also complied with the marking requirement under 35 U.S.C. § 287, *including by identifying the '741 Patent and the '027 Patent numbers for Cerebrum's products on their respective websites,*

https://www.tirestickers.com/virtual-patent-marking/ and https://cerebrumsensor.com/pages/virtual-patent-marking . . . (Complaint (D.I. 1) at ¶23.)

The legal standard places the burden of proving compliance with patent marking under § 287 on Plaintiffs. *See, e.g.*, *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996) ("Compliance with the marking statute is a question of fact, and the patentee bears the burden of proving compliance."). Consistent with Plaintiffs having the burden and the allegations in the Complaint, Revvo served upon Plaintiffs an interrogatory (No. 3) seeking Plaintiffs' marking positions:

> **INTERROGATORY NO. 3:** For each Marked Product that You contend practices any claim(s) of an Asserted Patent under 35 U.S.C. § 287, identify the complete basis for such product marking, including separately for each Marked Product a claim chart identifying on an element-by-element basis all facts and evidence that you contend supports Your allegation that such product practices the Asserted Patent claim(s) . . .

(Ex. 3 at 9; *see also* Ex. 3 at 4-5 (defining "Marked Products" as in Plaintiffs' websites).)

As is readily apparent from Plaintiff's virtual patent marking pages (*see* Ex. 3 at 4-5), Plaintiffs have alleged patent marking for several different and distinct Cerebrum "Marked Products"— "Retainer Housing," "DUO Sensor + Retainer," "ECO Sensor+ Retainer," and "OEM Sensor + Retainer"—under both U.S, Patent Nos. 10,137,741 ("the '741 patent") and 11,124,027 ("the '027 patent"). Plaintiff, however, refuses to supplement its response to Revvo's Interrogatory No. 3 regarding how each of these marked products allegedly practice the '741 and '027 patents. Rather, Plaintiff has only responded to the interrogatory based on an ambiguous identification of the "ECO" product under the guise of the "Cerebrum Marked Products"—not only failing to address the DUO or OEM products but also ambiguously mixing disclosures relating to materially and fundamentally different versions of the ECO product when only one version, based on Revvo's investigation, was available at the time of the Complaint. (*See* Ex. 4 at 5-6, charts at Exs. G-H.)

Plaintiffs' refusal to provide a fulsome response to Revvo's Interrogatory No. 3 is apparently driven by Plaintiffs' recognition that their patent marking of Cerebrum products under the '741 patent and '027 patent was improper and unsupportable. Rather than provide full disclosure in the manner expressly identified in the interrogatory—i.e., "separately for each Marked Product"—Plaintiffs are improperly refusing to provide their positions regarding each of the "Marked Products." Revvo therefore requests that the Court order Plaintiffs to provide claim charts for each Marked Product or otherwise confirm they do not practice the '741 patent or '027 patent and were wrongly marked.

Plaintiffs' refusal to properly answer the full scope of the interrogatory indicates an intent to: (1) withhold their positions and (2) obscure their unreasonable interpretation of the patents. In this regard, for example, the DUO, ECO, and OEM products have a "retainer" or "base housing" that is only a single material and are installed within a tire by applying an adhesive (referred to as "*FleXement*") ***to the underside of the base*** before putting it onto a tire, as follows (Ex. 5):



Yet, every claim of the '741 patent requires a "display assembly" that comprises at least three distinct material "layers": "one or more display layers," "an intermediate layer," and "an adhesive layer." As is readily apparent from the foregoing images, there are at most only two different materials in the DUO, ECO, and OEM retaining base—arguably the single base material itself and the adhesive applied onto it—such that those products lack any 3-layer combination. There is nothing present that could constitute the recited "intermediate layer." To the extent that Plaintiffs intend to argue otherwise, they should disclose their positions and be ordered to fully answer Interrogatory No. 3 for each of the "Marked Products." Otherwise, they should concede that such marked products do not actually practice any of the claims of the '741 patent. Of course, Plaintiffs' position on patent marking has profound implications on Plaintiffs' interpretation of the claims.

**Plaintiffs' compound objections to Revvo's Interrogatories.** Revvo served three interrogatories on Plaintiffs, seeking: (1) Plaintiffs' contentions regarding the effective filing date of each Asserted Claim; (2) any public disclosure of the subject matter of any Asserted Claim prior to the presumptive filing date of such claim; and (3) Plaintiffs' alleged evidence in support of its allegation of patent marking. (Ex. 3 at 8-9.) Plaintiffs have objected to these interrogatories as being compound, counting the three interrogatories as allegedly amounting to 21 separate interrogatories. (*See* Ex. 4 at 3-6.) Plaintiffs have provided no case law in this district (or otherwise) that counts interrogatories as containing multiple subparts simply because the case involves multiple asserted patents. Plaintiffs also appear to be asserting multiple subparts based on a premise that has already been rejected by this court. *See Confluent Surgical, Inc. et al v. HyperBranch Medical Technology, Inc.*, Case No. 1:17-cv-00688-LPS-CJB, D.I. 212 (Oral Order) (D. Del. June 18, 2019) (recognizing that many courts have held that interrogatories asking for "(a) information regarding a particular topic and (b) all supporting 'facts and evidence'" should not be counted as two separate interrogatories because the facts and evidence called for are logically subsumed within the primary topic of the interrogatory). The Court should overrule Plaintiff's compound objections and deem Revvo's Interrogatories Nos. 1-3 as 3 interrogatories.

**Plaintiffs' production of samples of Plaintiffs' marked products.** Revvo's Request for Production No. 6 requested "Three (3) samples of each of the Marked Products." (Ex. 6 at 8.) Plaintiffs responded by stating that "Cerebrum will produce samples sufficient to evidence product marking of each Marked Product." (Ex. 7 at 5.) However, Plaintiffs have not produced any samples of Cerebrum's DUO or OEM products and have not produced samples of any Tire Stickers products. The Court should order Plaintiffs to produce samples of "each Marked Product."

Respectfully,
*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)

cc:    All Counsel of Record (via CM/ECF)

4

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2025 true and correct copies of the foregoing document were caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
Karen Jacobs
Lucinda C. Cucuzzella
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Christopher D. Bright
Snell & Wilmer L.L.P.
Plaza Tower
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-

**BY ELECTRONIC MAIL**
Christopher Franich
Snell & Wilmer L.L.P.
Executive Center Del Mar
12230 El Camino Real, Suite 300
San Diego, CA 92130

**BY ELECTRONIC MAIL**
Morgan R. Povinelli
Snell & Wilmer L.L.P.
2001 K Street NW
Suite 425 North
Washington, DC 20006

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)

5