## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CEREBRUM SENSOR TECHNOLOGIES, )
INC. and TIRE STICKERS LLC, )
                                         )
        Plaintiffs, )
                                           )
        v. )          Civil Action No. 24-245-JLH-SRF
                                           )
REVVO TECHNOLOGIES, INC., )
                                           )
        Defendant. )

## REPORT AND RECOMMENDATION

Presently before the court in this patent infringement action is a motion to dismiss defendant Revvo Technologies, Inc.'s ("Revvo") inequitable conduct counterclaim and related twelfth and thirteenth affirmative defenses under Federal Rules of Civil Procedure 9(b), 12(b)(6), and 12(f), filed by plaintiffs Cerebrum Sensor Technologies, Inc. ("Cerebrum") and Tire Stickers LLC ("Tire Stickers;" together, "Plaintiffs").[1] (D.I. 120) For the following reasons, I recommend that the court GRANT the motion to dismiss.

## I.    BACKGROUND

Plaintiffs brought this suit on February 23, 2024, alleging infringement of United States Patent Nos. 10,137,741 ("the '741 patent"), 11,124,027 ("the '027 patent"), and 11,835,421 ("the '421 patent;" collectively, the "Asserted Patents") by Revvo's Tire Sensor Products and Wheel

---

[1] The briefing associated with the pending motion is found at D.I. 121, D.I. 125, and D.I. 126. On June 10, 2026, the parties stipulated to dismiss Revvo's first counterclaim for false marking and related eighth affirmative defense, and to withdraw the portion of Plaintiffs' motion to dismiss regarding the same. (D.I. 199) This Report and Recommendation addresses the remaining portions of Plaintiffs' motion to dismiss directed to Revvo's second counterclaim and twelfth and thirteenth defenses relating to inequitable conduct.

Sensor Products (together, the "Accused Products").[2] (D.I. 1 at ¶¶ 1-2, 25-26) On February 11, 2025, Revvo answered Plaintiffs' complaint and asserted an affirmative defense and counterclaim of inequitable conduct.[3] (D.I. 95)

The inequitable conduct allegations pertain to the '027 patent, which issued from U.S. Patent Application No. 16/201,903 ("the '903 application"). (D.I. 1, Ex. B) George Langton prosecuted the '903 application on behalf of applicants Keith George Ferry and Jason Michael Busch. (D.I. 95 at ¶ 117) The '027 patent is directed to display assemblies and methods of applying those display assemblies to a vulcanized rubber article, such as the sidewall surface of a tire. The display assemblies may take the form of multi-layered stickers attached to the tire sidewall for branding purposes, as shown at reference number 10 in Figure 1 of the '027 patent:



('027 patent, Fig. 1)

---

[2] The court refers to the Accused Products consistent with the way they are defined by Plaintiffs in the complaint. (D.I. 1 at ¶ 25)

[3] In related Civil Action No. 25-962-JLH-SRF, Revvo's responsive pleading filed on March 19, 2026 included an affirmative defenses of inequitable conduct. (C.A. No. 25-962-JLH-SRF, D.I. 27 at 8) Cerebrum filed a motion to strike Revvo's inequitable conduct affirmative defense under Rule 12(f). (*Id.*, D.I. 30 at 7) On April 23, 2026, Revvo filed an amended answer which omitted the affirmative defense of inequitable conduct. (*Id.*, D.I. 34)

According to Revvo, Langton failed to disclose U.S. Patent No. 5,971,046 ("Koch-046") as a material prior art reference during prosecution of the '903 application, despite the fact that Koch-046 discloses a tire patch and sensor assembly that anticipates and renders obvious the claims of the '903 application. (D.I. 95 at ¶¶ 146-61)  After receiving a non-final rejection of the '903 application on October 29, 2020, Langton submitted a claim amendment, and the examiner issued a Notice of Allowance for the '027 patent on May 19, 2021. (*Id.*, Exs. 6-8)  The '027 patent issued on September 21, 2021.

Months after receiving the Notice of Allowance for the '027 patent, but before the '027 patent issued, Langton included the Koch-046 reference in an August 4, 2021 information disclosure statement ("IDS") submitted to the PTO during prosecution of a different patent application which later issued as the asserted '421 patent. (*Id.* at ¶ 173; Ex. 10 at 6)  The '421 patent, titled "Sensor Assemblies and Systems for Monitoring a Dynamic Object," discloses electrical sensor assemblies and systems configured to monitor and transmit data relating to the operating parameters and/or conditions of a tire. (D.I. 1, Ex. C)  The '421 patent is not in the same patent family as the '027 patent. (*Id.*, Exs. B-C)

In its counterclaims filed on February 11, 2025, Revvo contends that Koch-046 anticipates or renders obvious the claims of the '027 patent. (*Id.* at ¶¶ 150-60)  In its petition for *inter partes* review ("IPR") filed ten days later, on February 21, 2025, Revvo did not identify the Koch-046 reference among the allegedly invalidating references for the '027 patent. (D.I. 121, Ex. A)

## II.    LEGAL STANDARD

Rule 12(b)(6) permits a party to seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). In assessing the plausibility of a claim, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555–56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). "[A] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.* at 231.

4

## III.    DISCUSSION

Inequitable conduct must be pleaded with particularity in accordance with Rule 9(b), meaning that "the pleading must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009).  "[A] pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO." *Id.* at 1328–29.  An affirmative defense of inequitable conduct must also satisfy Rule 9(b).  Accordingly, a "counterclaim and affirmative defense for inequitable conduct rise or fall together." *St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*, C.A. No. 12-441-RGA, 2014 WL 2622240, at *1 n.2 (D. Del. June 11, 2014) (quoting *Senju Pharm. Co. v. Apotex, Inc.*, 921 F. Supp. 2d 297, 306 (D. Del. 2013)).

Plaintiffs contend that Revvo's pleading fails to allege Langton knew Koch-046 was material to the issuance of the '027 patent or that he had the specific intent to deceive the PTO by withholding the reference.  (D.I. 121 at 12-16)  Although Plaintiffs raise significant questions about the materiality of Koch-046 to the prosecution of the '903 application, the court must accept as true Revvo's pleaded factual allegations and view them in the light most favorable to Revvo at this stage.[4]  Here, Revvo's counterclaim contains detailed allegations mapping the features of Koch-046 to the claim limitations of the '027 patent in support of its position that the

---

[4] In their reply brief, Plaintiffs acknowledge that "materiality is a factual inquiry that the Court and parties need not endeavor into" at this stage.  (D.I. 126 at 6)

'027 patent would not have issued if Langton had disclosed Koch-046 during prosecution.  (D.I. 95 at ¶¶ 148-60)

However, Revvo's averments regarding materiality are not sufficient to show that Langton acted with specific intent in failing to disclose Koch-046 during prosecution of the '903 application.  Revvo's allegations regarding Langton's intent rest largely on the alleged materiality of Koch-046.  (D.I. 95 at ¶¶ 168, 170, 172-81)  For example, the pleading alleges that

> [s]ince Mr. Langton knew of Koch-046 during prosecution of the '027 patent, there was extensive overlap in the subject matter of the patents he was prosecuting on behalf of Plaintiffs and Mr. Ferry, and the undeniable materiality of Koch-046 would have been immediately recognized by Mr. Langton upon even a superficial review; deceptive intent by withholding Koch-046 from the patent office in connection with the '027 patent is the single most reasonable inference to be drawn in light of the foregoing allegations.

(*Id.* at ¶ 181)  But "materiality does not presume intent, which is a separate and essential component of inequitable conduct." *Star Scientific*, 537 F.3d 1357, 1366 (quoting *GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1274 (Fed. Cir. 2001)); *Therasense, Inc. v. Becton, Dickinson and Co.*, 649 F.3d 1276, 1291 (Fed. Cir. 2011) (noting that "[i]ntent and materiality are separate requirements" and that "[a] district court should not use a 'sliding scale,' where a weak showing of intent may be found sufficient based on a strong showing of materiality, and vice versa"). Langton's disclosure of Koch-046 during the prosecution of different patent applications after the Notice of Allowance for the '903 application "is insufficient to infer an intent to deceive." *St. Jude Med., Cardiology Div., Inc. v. Volcano Corp.*, C.A. No. 12-441-RGA, 2014 WL 2622240, at *2 (D. Del. June 11, 2014); *see Exergen*, 575 F.3d at 1331 ("The mere fact that an applicant disclosed a reference during prosecution of one application, but did not disclose it during prosecution of a related application, is insufficient to meet the threshold level of deceptive intent required to support an allegation of inequitable conduct.").

6

Revvo requests leave to amend if the court determines that the inequitable conduct counterclaim is deficient as pleaded, and Plaintiffs respond that amendment would be futile. (D.I. 125 at 17; D.I. 126 at 10 n.6)  Revvo should not be given "unrestricted leave to amend" because it does not provide a copy of the proposed amended pleading as required by District of Delaware Local Rule 15.1, it does not explain how any amendment would cure the deficiencies in its specific intent allegations, and it appears that further amendment would be futile. *See Garrett v. PDV Holding, Inc.*, C.A. No. 24-380-JLH, 2025 WL 3654005, at *3 (D. Del. Dec. 17, 2025).  Nonetheless, "[l]eave to amend must generally be granted unless equitable considerations render it otherwise unjust[.]" *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202 (3d Cir. 2006). Therefore, I recommend that the court dismiss the inequitable conduct counterclaim and strike the associated affirmative defenses without prejudice. *See Equil IP Holdings LLC v. Akamai Techs., Inc.*, 722 F. Supp. 3d 450, 458 (D. Del. 2024).  Any renewed request for leave to amend must be accompanied by a proposed amended pleading and must be filed: (1) at the end of the period for objections, if no objections are filed; or (2) as subject to the resolution of objections by the District Judge.

## IV.    CONCLUSION

For the reasons discussed above, I recommend that the court GRANT Plaintiffs' motion to dismiss Revvo's inequitable conduct counterclaim and affirmative defenses.  (D.I. 120)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1.  The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b).  The objections and responses to the objections are limited to ten (10) pages each.  The failure of a party to object to legal conclusions may result in the loss of the right

to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006).

The parties are directed to the court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: July 17, 2026

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE