IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CEREBRUM SENSOR TECHNOLOGIES, INC. and RUBBER LABEL TECHNOLOGIES LLC, | ) | |
| Plaintiffs, | ) | C.A. No. 24-245 (JLH) (SRF) (CONSOLIDATED) |
| v. | ) | **REDACTED - PUBLIC VERSION** |
| REVVO TECHNOLOGIES, INC., | ) | |
| Defendant. | ) | |

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND OPENING BRIEF IN SUPPORT OF PLAINTIFFS' CROSS-MOTION**


OF COUNSEL:

Christopher D. Bright
SNELL & WILMER
Plaza Tower
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689

Christopher Franich
SNELL & WILMER
Executive Center Del Mar
12230 El Camino Real, Suite 300
San Diego, CA 92130

Morgan R. Povinelli
SNELL & WILMER
2001 K Street NW
Suite 425 North
Washington, DC 20006

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Jennifer Ying (#5550)
E. Paul Steingraber (#7459)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
jying@morrisnichols.com
esteingraber@morrisnichols.com

*Attorneys for Plaintiffs Cerebrum Sensor Technologies, Inc. and Rubber Label Technologies LLC*


Original filing date: September 11, 2026
Redacted filing date: September 28, 2026

# TABLE OF CONTENTS


I. INTRODUCTION AND SUMMARY OF THE ARGUMENT .......... 1

II. NATURE AND STAGE OF THE PROCEEDINGS .......... 3

III. STATEMENT OF FACTS .......... 4

A. The ’741 and ’027 Patents .......... 4

1. Background of the ’741 and ’027 Patents .......... 4

2. The R&R Construction of the Term “Layer” .......... 5

B. The ’421 and ’051 Patents .......... 6

1. Background of the ’421 and ’051 Patents .......... 6

2. The R&R Construction of the Term “Housing” .......... 7

IV. LEGAL STANDARD .......... 8

V. ARGUMENT .......... 10

A. Revvo’s Motion Should be Stricken Under Rule 16(f) As An Early Summary Judgment Motion Filed Without Leave or, to the Extent Not Otherwise Stricken or Denied, The Motion Should Be Deferred To Permit Completion of Fact or Expert Discovery Under Rule 56(d), and Sanctions Should Be Awarded .......... 10

B. Cerebrum Plausibly Pleads Infringement Under the R&R Construction of “Layer” .......... 12

C. Cerebrum Plausibly Alleges Infringement Under the R&R Construction of “Housing” .......... 15

D. In the Alternative, Cerebrum Has Properly Pled Infringement Under the Doctrine of Equivalents .......... 17

VI. CONCLUSION .......... 20

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Bausch & Lomb Inc. v. SBH Holdings LLC*,
C.A. No. 20-1463, 2025 WL 1005815 (D. Del. Apr. 3, 2025) ....................19

*Grandway Honduras, LLC, et al. v. Two Lumps of Sugar, Ltd.*,
CV 09-6049-GHK, D.I. 49 (C.D. Cal. Aug. 27, 2010) (Ex. A) ....................1, 2, 9

*Guardant Health, Inc. v. Found. Med., Inc.*,
2020 U.S. Dist. LEXIS 271205 (D. Del. May 7, 2020) ....................19

*IBM v. Groupon, Inc.*,
289 F. Supp. 3d 596 (D. Del. 2017) ....................8

*In Re Asbestos Products Liability Lit. (No. VI)*,
822 F. 3d 125 (3d Cir. 2016) ....................9, 10

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir. 1997) ....................8, 12

*Innovative Mem. Sys. v. Micron Techs.*,
C.A. No. 14-1480, D.I. 220 (D. Del. June 3, 2021) (Ex. D) ....................8

*Metrom Rail LLC v. Siemens Mobility, Inc.*,
C.A. No. 22-49, D.I. 51 (D. Del. Mar. 22, 2023) (Ex. B) ....................17

*Novartis AG v. Ezra Ventures, LLC*,
C.A. No. 15-150-LPS, 2016 WL 5334464 (D. Del. Sept. 22, 2016) ....................8

*Pfizer Inc. v. Sinotherapeutics Inc.*,
C.A. No. 21-1427, 2022 WL 17989946 (D. Del. Dec. 29, 2022) ....................12

*Phillips v. Cnty. of Allegheny*,
515 F.3d 224 (3d Cir. 2008) ....................8, 12

*Rosenau v. Unifund Corp.*,
539 F.3d 218 (3d Cir. 2008) ....................8

*Soluble Techs. Grp. v. Dyla LLC*,
C.A. No. 23-984, D.I. 22 (Tr.) (D. Del. Dec. 10, 2024) (Ex. C) ....................17

*Southco, Inc. v. Fivetech Techs., Inc.*,
No. 10-1060, 2017 WL 2079882 (E.D. Pa. May 15, 2017) ....................10, 11

*Taj Mahal Travel, Inc. v. Delta Airlines, Inc.*,
164 F.3d 186 (3d Cir. 1998) ....................8

*UCB, Inc. v. Watson Labs., Inc.*,
C.A. No. 14-1083, 2017 WL 11646645 (D. Del. Nov. 14, 2017) ..........................................19

*Wolfington v. Reconstructive Orthopaedic Assoc. II PC*,
935 F.3d 187 (3d. Cir. 2019)..........................................................................................9, 10

**Rules**

Fed. R. Civ. P.12(b)(6)...........................................................................................................9

Fed. R. Civ. P.12(c) .......................................................................................................... *passim*

Fed. R. Civ. P. 12(d) .........................................................................................................3, 9, 10

Fed. R. Civ. P.16(f)........................................................................................................... *passim*

Fed. R. Civ. P.30(b)(6)...........................................................................................................11

Fed. R. Civ. P.37 ...............................................................................................................9, 12

Fed. R. Civ. P. 56 ............................................................................................................. *passim*

## I. INTRODUCTION AND SUMMARY OF THE ARGUMENT

Revvo's Motion seeks extraordinary relief – judgment of noninfringement on the pleadings - in a case where claim construction is not yet complete, no depositions have been taken yet, final contentions are not yet due, fact discovery does not close for at least another month (and likely will be extended), and expert discovery has not yet occurred. Contrary to Revvo's characterization that the May 2026 report and recommendation on claim construction (D.I. 183, "R&R") spelled "doom" for Cerebrum's infringement claims, the R&R largely adopted *Cerebrum's* constructions. Revvo's Motion is virtually unprecedented, and for good reason. A motion for judgment on the pleadings for noninfringement is often imbued with factual determinations, as the Court already ruled in denying Revvo's motion to dismiss. D.I. 79, adopted by D.I. 88. Worse still, the Motion here relies on materials outside the pleadings, and thus must be treated as one for summary judgment, yet Revvo filed it without seeking leave to file an early summary judgment motion, as the Scheduling Order requires. (D.I. 172 ¶ 14).

Revvo argues that it is implausible for Cerebrum to plead infringement of two claim terms: (1) whether the accused tire sensor products meet the "layer" term as construed for U.S. Patent Nos. 10,137,741 (the "'741 Patent") and 11,124,027 (the "'027 Patent"), and (2) whether the accused products (both tire sensor and wheel sensor) have a "housing" as construed for U.S. Patent Nos. 11,835,421 (the "'421 Patent") and 12,344,051 (the "'051 Patent"). Even on this incomplete record, Cerebrum has raised plausible claims of infringement under both terms, including as set forth in its fourth supplemental initial infringement contentions (the "Fourth Supplement") (served following the R&R and after Revvo filed this Motion, *see* Bright Decl., Exs. 1-4). But at a minimum, there are factual disputes that preclude resolution on a Rule 12(c) or Rule 56 motion. *See, e.g.*, *Grandway Honduras, LLC, et al. v. Two Lumps of Sugar, Ltd.*, CV 09-6049-GHK

(PLAx), D.I. 49 at 2 (C.D. Cal. Aug. 27, 2010) (denying Rule 12(c) motion as improper motion for summary judgment in a design patent case).

First, Revvo improperly argues that Cerebrum must point to the entire "three-dimensional black rubber dock" as the "layer" of Revvo's accused tire sensor products. But nothing in the R&R requires this. The R&R construed "layer" to mean "a single thickness of material disposed over a surface," and rejected Revvo's contention of a "sheetlike structure." D.I. 183 at 9, 12-13. The R&R further acknowledged that "the specification does not describe … cavities or gaps as part of the layer itself" and the display assemblies may be "continuous or non-continuous in form." *Id.* at 9-10. As described below, Cerebrum's Fourth Supplement identifies a display layer that is "a single thickness of material disposed over a surface" in the Revvo accused products.

Second, Revvo disputes that Cerebrum can point to a combination of parts of Revvo's accused sensor products as the claimed "housing." But here again, Cerebrum's contentions are consistent with the R&R. Indeed, the R&R "adopt[ed] a modified version of Plaintiffs' proposal," and construed "housing" to mean "a protective casing." D.I. 183 at 28. Cerebrum's Fourth Supplement identifies such "a protective casing," consistent with the R&R and the specification. Revvo also argues that the accused product "has no bottom" because it is allegedly "filled with resin." But the R&R explicitly acknowledged that the specification identifies at least two embodiments, and that "[t]he latter formation still surrounds the internal cavity even though it may not have a defined top and bottom section" and "places no limits on the material used to form the housing." *Id.* at 29, 31. Thus, the R&R explicitly acknowledges that other materials, such as resin, may serve as the bottom of the "housing," which indeed forms a protective casing. *Id.* at 31 ("the housing itself may be made of injection molded coatings or filling agents").

At base, Revvo's Motion is nothing more than an improper attempt at early summary

judgment without leave, and should be stricken and sanctions granted to Cerebrum pursuant to Fed. R. Civ. P. 16(f)(1)(C) and (f)(2). Even if Revvo's Motion were considered at this time, under Fed. R. Civ. P. 12(d), it must be treated as a motion for summary judgment given its reliance on matters outside the pleadings. But whether considered a motion on the pleadings or for summary judgment, the Motion should be denied because Cerebrum has plausibly alleged infringement, and at a minimum, there are disputed facts that preclude resolution in Revvo's favor. Furthermore, to the extent the Motion is not otherwise denied, it should be deferred under Rule 56(d) until after fact and expert discovery is completed, as supported by the Declaration of Christopher D. Bright ("Bright Declaration"), filed herewith. Furthermore, to the extent the Motion is considered on its merits at this time, Cerebrum respectfully requests that the Court exercise its discretion pursuant to Fed. R. Civ. P. 16(f)(1) and (f)(2) to preclude Revvo from filing yet another motion for summary judgment of noninfringement without leave of Court.

## II. NATURE AND STAGE OF THE PROCEEDINGS

Cerebrum filed this action on February 23, 2024, asserting infringement of the '741, '027 and '421 Patents. D.I. 1. Cerebrum asserts the '741 and '027 Patents against Revvo's accused tire sensor products and the '421 Patent against both Revvo's accused tire sensor products and accused wheel sensor products. *Id.* Revvo moved to dismiss (D.I. 21), and the Court denied that motion in relevant part, finding that the Complaint plausibly stated a claim of infringement as to Revvo's accused wheel products as to all three asserted patents, and as to Revvo's accused tire sensor products as to the '741 Patent only. D.I. 79, adopted by D.I. 88.

On July 31, 2025, Cerebrum filed a new action asserting infringement of the '051 Patent. C.A. No. 25-962, D.I. 1 ("the '051 Complaint"). Again, Revvo moved to dismiss the '051 Complaint (C.A. No. 25-962, D.I. 10), which the Court denied on March 5, 2026, finding that the

’051 Complaint plausibly alleged infringement. C.A. No. 25-962, D.I. 23. The ’051 Action was consolidated with C.A. No. 24-245 on April 29, 2026. D.I. 172.

On May 22, 2026, Judge Fallon issued a report and recommendation construing claim terms relating to the ’741, ’027, and ’421 Patents. D.I. 183. Both Cerebrum and Revvo filed objections to the May 22, 2026 R&R, which remain pending. D.I. 191, 192. Claim construction for the ’051 Patent remains pending. *See* D.I. 213. No depositions have been taken. Final infringement contentions are currently due on September 25, 2026, and fact discovery currently closes on October 16, 2026. D.I. 172 ¶ 4(i)(2). Expert discovery does not close until January 22, 2027. *Id.* at ¶ 4. Under the Scheduling Order, leave of Court is required to file summary judgment before February 19, 2027. *Id.* ¶ 14. Revvo has not sought such leave.

On August 21, 2026, Revvo filed the present motion under Rule 12(c). D.I. 219, 220. It also lodged a sample of its accused product with the Court. D.I. 222. When Cerebrum asked Revvo to withdraw its motion because it was an improper early summary judgment filed without leave, Revvo declined. Ex. 5.[1] Cerebrum sought guidance from the Court on responding (D.I. 226, 228), and now opposes and cross-moves with respect to Revvo’s Motion.

## III. STATEMENT OF FACTS

### A. The ’741 and ’027 Patents

#### 1. Background of the ’741 and ’027 Patents

Revvo incorrectly characterizes the ’741 and ’027 Patents as “Tire Sticker” patents, asserting that “[t]he Tire Sticker patents are directed to stickers that you can put on tires.” D.I. 220 at 2 (citing Fig. 1). But, beginning with the titles of the patents themselves, the ’741 and ’027

[1] Unless otherwise noted, “Ex. __” refers to the corresponding exhibit to the Declaration of Christopher Bright,

Patents are directed to "Display Assemblies And Methods For Applying The Same To Vulcanized Rubber Articles." *See* '741 Patent, Title, Abstract, cls. 1, 11, 19. Each independent claim recites or refers to a "display assembly." '741 Patent, cls. 1, 11, 19. Nothing about the claims requires that the display assembly comprise a "tire sticker" in the manner Revvo argues. Indeed, the display can take many forms, including, for example, "a letter, numeral, ***symbol***, design, pattern, logo, insignia …" '741 Patent, col. 4:36-41.[2]

Revvo then focuses only on Figure 2 the '741 and '027 Patents, while ignoring Figure 7. This is critical because Figure 7 shows that a "layer" can be continuous or non-continuous, as the R&R properly noted. D.I. 183 at 9-10 ("the specification does not describe these cavities or gaps as part of the layer itself. Rather, it states that display assemblies 'in the form of a letter, numeral, symbol, design, pattern, logo, insiginia, or the like ... may be continuous or non-continuous …").




Revvo's arguments would incorrectly preclude any such discontinuity in a layer. *Infra* at V.B.

### 2. The R&R Construction of the Term "Layer"

The R&R construed the term "layer" as "a single thickness of material disposed over a surface." D.I. 183 at 9. In so ruling, the R&R explicitly rejected Revvo's position that a "layer" has a "sheetlike structure." *Id.* at 12. As the R&R observed, "Defendant contends that each letter

[2] All emphasis in quoted material added unless otherwise noted.

has a 'sheetlike' structure, regardless of whether the letter has holes, cavities, or gaps, but Defendant lacks any specific intrinsic support to include their proposed 'sheetlike' limitation …" *Id.* at 12-13 (citing '741 patent, col. 4:58-60). The R&R noted "[t]he specification imposes no such limitation, and instead broadly describes the claimed display assembly as 'configured having a shape and size as desired for a particular end-use application.'" *Id.* Revvo did not object to this construction. *See* D.I. 191 at 1-2. Cerebrum's infringement allegations are consistent with the R&R because they point to a portion of the accused products that is the "display layer" with both a "display" and "a single thickness of material disposed over a surface." *Infra* at V.B.

**B. The '421 and '051 Patents**

**1. Background of the '421 and '051 Patents**

In its incomplete description of the specification of the '421 and '051 Patents, Revvo ignores that the specification describes that the "housing" may be comprised of a top, side walls and bottom that may be separate and made of different materials:

> In an example, the housing comprises a top cover, a wall structure, and a base section that define the internal cavity. The top cover, wall structure and base section *may be formed from the same or different materials, and one or more of the top cover, wall section, and base section may separate or integral with one another*.

'421 Patent, col. 4:7-13. At the *Markman* hearing, Cerebrum provided an example showing a top cover and base section made of different materials:



As shown in Fig. 9 above, the top cover 94 (green) can be made of a different material than the base section 96 (gray). ’421 Patent, Fig. 9, col. 13:21-33. The top cover can be made of a “rigid plastic” while the base section may be made of a different material. *Id.*, col. 13:34-45.

### 2. The R&R Construction of the Term “Housing”

The R&R construed the term “housing” as “a protective casing.” D.I. 183 at 27. Notably, the R&R did not adopt Revvo’s proposal, but rather adopted a “modified version of Plaintiffs’ proposal.” D.I. 183 at 27-28. The R&R expressly notes that the housing need not have a defined bottom: the “specification and claims contemplate ***two primary*** means of forming the housing” and that one of them “may not have a defined top and bottom section.” *Id.* at 29 (describing an embodiment with only “a wall structure that surrounds the internal cavity”) (citing ’421 patent at col. 12-49-51, 31:1-6). It notes that the “latter formation still surrounds the internal cavity even though it may not have a defined top and bottom section.” *Id.* at 29. Indeed, that it is only certain dependent claims that require a base section (*e.g.*, ’421 Patent, cls. 3, 42), confirms that it is not a separate required element of the independent claims.

Furthermore, the R&R found that “nothing in the claim language bars the use of any amount of filling agent or other material to attach the electrical sensor device to the housing.” D.I. 183 at 30. It noted that the specification describes an “embodiment [that] places ***no limits on the material used to form the housing*** and, as Plaintiffs note, ***the housing itself may be made of*** injection molded coatings or ***filling agents***.” *Id.* at 31. And, the R&R found that “the internal cavity cannot be entirely filled with resin, but [the patents] do not unambiguously disclaim the use of a filling agent, or a combination of filling agents and surface features, to fix and retain the placement of the position of the electrical sensor device in the housing.” *Id.* at 33. As explained below, Cerebrum’s Complaints and infringement allegations are consistent with the R&R because they

point to a resin (filling agent) as the bottom of the housing for the accused products. *Infra* at V.C.

## IV. LEGAL STANDARD

"A Rule 12(c) motion will not be granted 'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" *IBM v. Groupon, Inc.,* 289 F. Supp. 3d 596, 600-01 (D. Del. 2017) (quoting *Rosenau v. Unifund Corp.,* 539 F.3d 218, 221 (3d Cir. 2008)); *see also Novartis AG v. Ezra Ventures, LLC,* C.A. No. 15-150-LPS, 2016 WL 5334464, at *3 (D. Del. Sept. 22, 2016) (denying Rule 12(c) motion because the "inquiries appear to raise fact issues."). In deciding a Rule 12(c) motion, the Court is required to accept all factual allegations in Cerebrum's Complaint (D.I. 1) as true and "draw all inferences from the facts alleged in the light most favorable to [Cerebrum]." *Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 228 (3d Cir. 2008) (citation omitted); *see also Rosenau*, 539 F.3d at 221 (the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party.") (internal citations omitted). Indeed, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1420 (3d Cir. 1997) (citation omitted). Thus, a Rule 12(c) motion should only be granted "if no relief can be granted under ***any set of facts*** that could be proved." *Taj Mahal Travel, Inc. v. Delta Airlines, Inc.*, 164 F.3d 186, 189 (3d Cir. 1998) (citation omitted) (reversing district court's grant of Rule 12(c) motion).

Courts may deny Rule 12(c) motions where it appears that the moving party is seeking summary judgment of no infringement under the guise of Rule 12(c). *See, e.g., Innovative Mem. Sys. v. Micron Techs.,* C.A. No. 14-1480, D.I. 220 (D. Del. June 3, 2021) (denying 12(c) motion filed after claim construction order issued, noting that "the motion would be better handled

contemporaneously with case dispositive motions."); *Grandway Honduras,* D.I. 49 at 2 (denying Rule 12(c) motion of noninfringement and noting that "[a] motion for judgment on the pleadings is not the proper vehicle for resolution of such a dispute" and declining to convert motion into one for summary judgment because of the separate summary judgment briefing schedule).

Where, as here, a motion for judgment on the pleadings raises matters outside the pleadings, the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *see also Wolfington v. Reconstructive Orthopaedic Assoc. II PC*, 935 F.3d 187, 197 (3d. Cir. 2019) (finding district court erred in considering "matters outside the pleadings" in deciding Rule 12(c) motion); *In Re Asbestos Products Liability Lit. (No. VI),* 822 F. 3d 125, 134 (3d Cir. 2016) ("Federal Rule of Civil Procedure 12(d) provides that if, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." (internal quotation and alteration marks omitted)). Rule 56(d) permits a court to defer ruling on a summary judgment motion where the non-movant shows that evidence remains to be developed relevant to its opposition.

Rule 16(f) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). Subsection (f)(2) states that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified." Fed. R. Civ. P. 16(f)(2).

## V. ARGUMENT

### A. Revvo's Motion Should be Stricken Under Rule 16(f) As An Early Summary Judgment Motion Filed Without Leave or, to the Extent Not Otherwise Stricken or Denied, The Motion Should Be Deferred To Permit Completion of Fact or Expert Discovery Under Rule 56(d), and Sanctions Should Be Awarded

The Scheduling Order prohibits early summary judgment motions without leave of Court. D.I. 172 ¶ 14. Revvo, however, chose to do just that under the guise of Rule 12(c). Revvo's Motion is not a proper Rule 12(c) motion, however, because it asks the Court to consider materials outside the pleadings, including a non-final R&R (D.I. 183), Cerebrum's interim (and since supplemented) infringement contentions, and a sample of its product that it has lodged with the Court (*see* D.I. 220 at 9-10 (citing D.I. 221, Exs. B & C), D.I. 222).[3] As such, under Fed. R. Civ. P. 12(d), Revvo's Motion must be treated as one for summary judgment. *Wolfington,* 935 F.3d at 197; *In re Asbestos Products Liability Lit.,* 822 F.3d at 134. But such a motion cannot be brought under the Scheduling Order prior to February 12, 2027 without leave (D.I. 172 ¶ 14), which Revvo did not seek. Cerebrum asked Revvo to withdraw its Motion, but Revvo refused to do so (Bright Decl., Ex. 5), forcing Cerebrum to expend resources responding to this premature (and meritless) motion. The Motion should be stricken under Rule 16(f)(1)(C), and Cerebrum should be awarded its fees for having to defend this improper motion. Fed. R. Civ. P. 16(f)(2); *Southco, Inc. v. Fivetech Techs., Inc.,* No. 10-1060, 2017 WL 2079882, at *10-11 (E.D. Pa. May 15, 2017) (striking untimely summary judgment motion and awarding fees under Rule 16(f)).

This is not Revvo's first attempt at trying to jump the gun. Revvo's motion to dismiss

---

[3] At a minimum, Cerebrum's Fourth Supplement (Exs. 1-4) should be considered, which specifically addresses Revvo's infringement under the R&R's proposed claim constructions. Furthermore, Cerebrum may further supplement its contentions following further document production and depositions, up until the deadline for final contentions, as the Scheduling Order permits. D.I. 172.

Cerebrum's direct infringement allegations for the '741 and '421 Patents were denied, and the Court found that the Complaint plausibly set forth a claim of infringement. *See* D.I. 79 at 5, 10-16, *report and recommendation adopted by* D.I. 88. The Court further noted that Revvo's prosecution history estoppel and disclaimer arguments amounted to improper consideration of materials outside the pleadings and early claim construction. *Id.* at 15-16. Revvo filed a second motion to dismiss for the '051 Patent, which likewise was denied. C.A. No. 25-962, D.I. 23. Now, following the claim construction R&R, which rejected Revvo's prosecution history estoppel and disclaimer arguments, Revvo seeks a third bite at the apple, again attempting to seek dismissal of Cerebrum's claims by filing what is effectively an early summary judgment motion.

As noted *supra* at 4, this Motion is particularly inappropriate because fact discovery is ongoing, no depositions have yet been taken, final contentions are not yet due, and no expert discovery has yet taken place. As noted in the Bright Declaration, depositions will not take place until later in September and October and the parties are discussing an extension of the case schedule to accommodate those depositions. Bright Decl. ¶ 6. It is expected that Revvo's co-founders, Sunjay Dodani (CEO) and Wing-Hong Andrew Ko (CTO), will be Revvo's Rule 30(b)(6) designees. *Id.* There also are outstanding document production issues regarding the accused products that remain to be resolved, and expert testimony that will bear directly on the structure, composition, and results of Revvo's accused products. *Id.* ¶ 7 (anticipating that Mr. Mineur and Dr. Lee will provide expert opinions in relation to the '741 and '027 patents and Dr. Spangler and Mr. Schlender will provide expert opinions in relation to the '421 and '051 patents.); *id.* ¶ 8-9.

Notwithstanding, for the reasons set forth below, even on this incomplete record, Cerebrum has plausibly plead infringement under the claim constructions proposed in the R&R, and at a

minimum, has shown genuine disputed issues of material fact that preclude either judgment on the pleadings or summary judgment. But to the extent the Motion is not otherwise stricken or denied, it should be deferred under Fed. R. Civ. P. 56(d) to permit fact and expert discovery to be completed that will further elucidate the structure, operation and function of the accused products. *See* Bright Decl., ¶¶ 3-10.

Furthermore, having chosen to take its shot at summary judgment now, before depositions, before final infringement contentions, before the close of fact discovery, or any expert discovery, and knowing the record was premature for its Motion, Cerebrum respectfully requests that to the extent the Court considers the merits of the Motion at this time, the Court exercise its discretion under Fed. R. Civ. P. 16(f)(1) and 37 and bar Revvo from filing yet another motion for summary judgment of noninfringement without leave of Court.

### B. Cerebrum Plausibly Pleads Infringement Under the R&R Construction of "Layer"

Even if the Court were to consider Revvo's Motion at this time, it should be denied. In deciding a Rule 12(c) motion, the Court is required to accept all factual allegations as true and "draw all inferences from the facts alleged in the light most favorable to [Cerebrum]." *Phillips,* 515 F.3d at 228. "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1420; *Pfizer Inc. v. Sinotherapeutics Inc.*, C.A. No. 21-1427, 2022 WL 17989946, at *2 (D. Del. Dec. 29, 2022) (same). Taking all inferences and viewing all facts in favor of Cerebrum, the Complaint and Cerebrum's Fourth Supplement demonstrate that there are, at a minimum, material questions of fact that preclude either judgment on the pleadings or summary judgment.

Revvo's argument boils down to this: because the dock is "a three-dimensional, unitary

molded rubber structure” and “includes raised walls [and] a recessed pocket for the sensor,” it therefore “cannot be ‘a single thickness of material disposed over a surface.’” D.I. 220 at 12-13. But the R&R rejected precisely that same argument. It acknowledged that “the specification does not describe these cavities or gaps as part of the layer itself,” and referenced Figure 7 depicting each individual layers having a thickness around a cavity. D.I. 183 at 10; *see supra*, III.A.2.

Consistent with the Complaint, Cerebrum’s Fourth Supplement identifies the portion of the dock that includes the black arrow symbols on the dock as the “display layer” (portion indicated by green designated area below):




Ex. 1 at 6-7, 100, 163 (’741 Patent); Ex. 2 at 10 (’027 Patent); *see also* D.I. 1, Ex. D at 4, 28, 39 (’741 Patent); Ex. E at 4 (’027 Patent). Further, as can be seen below, that portion that is the display layer has a “a single thickness of material disposed over a surface”:[4]

[4] Revvo’s Motion does not challenge the “disposed over a surface” part of the R&R construction.

| U.S. Patent No. 10,137,741 (Asserted Claims) | Accused Revvo Tire Sensor Products (exemplary evidence – Exhibits G, H and K to the Complaint, Revvo's Core Technical Documents, and Third-Party Documents) |
|---|---|
| |   |

Plaintiffs' Initial Infringement Contentions
Exhibit 1 (fourth supplemental) – Revvo's Infringement of U.S. Patent No. 10,137,741 (exemplary evidence)
*Cerebrum Sensor Technologies, Inc. et al. v. Revvo Technologies, Inc.*, Case No. 1:24-cv-00245-JLH-SRF (D. Del.)

| U.S. Patent No. 10,137,741 (Asserted Claims) | Accused Revvo Tire Sensor Products (exemplary evidence – Exhibits G, H and K to the Complaint, Revvo's Core Technical Documents, and Third-Party Documents) |
|---|---|
| |    |

Ex. 1 at 9-10, 102, 165. Any dispute over whether this display layer is "a single thickness of material disposed over a surface" is a factual dispute that precludes judgment on the pleadings or summary judgment in Revvo's favor.

Moreover, Revvo's arguments about "raised walls" and "a recessed pocket for the sensor" fail for at least three reasons. First, they do not focus on the proper portion of the accused docks – the "display layer," i.e., the "layer" where there is a "display." The walls and pocket do not have such a display; they thus are not the "display layer." Second, Revvo's arguments are simply an attempt to reargue its rejected claim construction position that a layer must have a "sheetlike structure." *See* D.I. 183 at 12-13. As the R&R recognized, the specification "broadly describes the claimed display assembly as 'configured having a shape and size as desired for a particular end-use application.'" *Id.* at 13. Third, even if one were to consider the raised walls and recessed pocket, at most it would make the display assembly with the "display layer" in the accused

products non-continuous. As the R&R noted, the display assembly with the "display layer" may be "continuous or non-continuous." D.I. 183 at 10 (citing '741 Patent, Fig. 7).

### C. Cerebrum Plausibly Alleges Infringement Under the R&R Construction of "Housing"

Revvo next argues that the accused products lack a "housing" because they use an epoxy filing that "is neither an outer structure, nor does it surround an internal cavity; rather, it fills up the cavity in which the electronic sensor device is placed entirely." D.I. 220 at 15. Once again, Revvo ignores both the R&R construction and the Fourth Supplemental infringement contentions.

First, as explained above, the R&R's construction of a "protective casing" expressly does not require a separate, defined "bottom" or "base" section. *See supra,* at III.B.2. Cerebrum's Fourth Supplement properly identifies the resin (filling agent) as the bottom of the housing (a portion of the "outer structure" of the housing):




Ex. 3 at 10, 148, 267 ('421 Patent); Ex. 4 at 10, 176, 336 ('051 Patent); *see also* D.I. 1, Ex. F at 4 ('421 Patent); C.A. No. 25-962, D.I. 1, Ex. B at 7, 16 ('051 Patent). The R&R construction explicitly permits this, noting that "***the housing itself may be made of*** injection molded coatings or ***filling agents***." D.I. 183 at 31. Thus, the housing itself may be made of a filling agent, just as in Revvo's accused products that use a resin for the bottom section of the housing.

Revvo next argues that the resin "fills up the cavity" and therefore cannot be a "housing," but that is also wrong. Revvo's accused products include an "open space" inside the housing even with the resin bottom, e.g.:

The multiple unfilled open spaces (three cavities) above the antenna of the Revvo Pro Sensor are depicted below.



**PHOTO OF REVVO1**

The three cavities above the antenna of the Revvo Pro Sensor remains even after epoxy is injected into the housing, as 3M Pressure Sensitive Adhesive is used to isolate the three cavities from the epoxy, as depicted below.

Ex. 3 at 20 ('421 Patent); Ex. 4 at 42 ('051 Patent); *see also* D.I. 221, Ex. A at 17 ('421 Patent, Third Supp. Contentions); D.I. 221, Ex. A at 37 ('051 Patent, Third Supp. Contentions).[5] Any remaining dispute as to whether the portions of the housing Cerebrum identified constitute an "open space" is a factual question that precludes judgment on the pleadings or summary judgment. As discussed further below, Cerebrum's contentions also state infringement under the Doctrine of Equivalents ("DoE"). *E.g.,* Ex. 3 at 35-36, 221-22 ("Each of the Accused Revvo Sensor Products includes an [unfilled] open space (space without filling agents or materials) inside of the housing that performs substantially the same function (avoiding disruption to sensor electronics, e.g., pressure sensor and/or antenna), in substantially the same way (without potting such sensor electronics), to achieve substantially the same result (permitting sensor electronics, e.g., pressure sensor and/or antenna to operate normally)."); Ex. 4 at 59-60, 196-97, 460-461. Nothing in the R&R precludes such infringement because the accused products are not entirely filled with resin.

[5] Because Revvo allegedly does not make its sensor structure public, Cerebrum did not have access to this information when it filed its Complaint. *See, e.g.,* C.A. No. 25-962, D.I. 1, Ex. B at 8.

*See, e.g.*, D.I. 183 at 33 ("the internal cavity cannot be entirely filled with resin").

Once again, Revvo seeks to re-argue its proposed constructions that the R&R rejected. For example, Revvo argues that "the 'housing' is different from any material used to 'fill' the housing." D.I. 220 at 15. But, as the R&R recognized, the specification describes an "embodiment [that] places no limits on the material used to form the housing." D.I. 183 at 31. The R&R's observation is confirmed by the specification's description of different materials to form the top cover and bottom section. *See supra* at 7 (describing Fig. 9).

Revvo finally argues that "[t]he R&R itself recognizes that there is a difference between the 'housing' and any filling agents or materials used within that housing, stating that 'nothing in the claim language bars the use of any amount of filling agent or other material to attach the electrical sensor device ***to the housing***.'" D.I. 220 at 15-16. But the portion of the R&R cited by Revvo does not support its argument as the R&R explicitly acknowledged that a filling agent can be used to form the housing. *Id.* at 31 ("as Plaintiffs note, ***the housing itself may be made of*** injection molded coatings or ***filling agents***").

**D. In the Alternative, Cerebrum Has Properly Pled Infringement Under the Doctrine of Equivalents**

Cerebrum was not required to disclose detailed infringement contentions under the DoE in its Complaints. *See, e.g., Metrom Rail LLC v. Siemens Mobility, Inc.*, C.A. No. 22-49, D.I. 51 at 2 (D. Del. Mar. 22, 2023) (noting at motion to dismiss stage, "[b]oilerplate invocations of the doctrine of equivalents as an alternative to literal infringement are sufficient."); *Soluble Techs. Grp. v. Dyla LLC*, C.A. No. 23-984, D.I. 22 (Tr.) at 15:18-22 (D. Del. Dec. 10, 2024) (same). Nevertheless, Cerebrum has also provided Revvo with its DoE theories in its Fourth Supplement, as the Scheduling Order both permits and contemplates. *See, e.g.,* Ex. 1 at 8 ('741 Patent); Ex. 3 at 11-12 ('421 Patent); Ex. 4 at 11-12 ('051 Patent); D.I. 172 at 3 ("By September 25, 2026,

Plaintiff shall provide final infringement contentions."). Furthermore, discovery is still ongoing and no depositions have been taken. Therefore, Cerebrum may adduce additional evidence to support its infringement theories, including those under DoE.

In any event, Cerebrum's infringement contentions provide a detailed explanation of infringement under the DoE that does not vitiate the claim elements by identifying specific portions of the accused products that provide the equivalent of a "layer" and "housing" terms, respectively below:

| **Accused Element at Issue** | **DoE Argument** |
|---|---|
|   | To the extent that Revvo disputes that each of the Accused Revvo Tire Sensor Products literally includes a single thickness of material disposed over a surface (because Revvo has introduced a pocket to hold a sensor), each of the Accused Revvo Tire Sensor Products also includes a single thickness of material disposed over a surface under the Doctrine of Equivalents. Each of the Accused Revvo Tire Sensor Products includes a thickness of material that performs substantially the same function (providing a display with a display indicia), in substantially the same way (elastomeric material of substantially single thickness), to achieve substantially the same result (a display assembly that that may be continuous or non-continuous in form depending on the particular end-use application). |
| Ex. 1 at 7 ('741 Patent) | Ex. 1 at 8 ('741 Patent) |

| Accused Element at Issue | DoE Argument |
| --- | --- |
|   | To the extent that Revvo disputes that each of the Accused Revvo Sensor Products literally includes a protective casing, each of the Accused Revvo Sensor Products also includes a protective casing under the Doctrine of Equivalents. Each of the Accused Revvo Sensor Products includes a casing that performs substantially the same function (protecting the sensor and other components of the PCB), in substantially the same way (plastic top and sides and epoxy bottom), to achieve substantially the same result (avoiding damage to the sensor and other components of the PCB). |
| Ex. 3 at 10 ('421 Patent);<br>Ex. 4 at 10 ('051 Patent) | Ex. 3 at 11-12 ('421 Patent);<br>Ex. 4 at 11-12 ('051 Patent) |

Revvo argues that any DoE application would "vitiate" each of the claim elements for "layer" and "housing" terms, but provides no explanation for that argument. *See* D.I. 220 at 16-18. Nothing about Cerebrum's DoE arguments ignores or vitiates claim elements because Cerebrum's arguments identify specific portions of the accused products as equivalents and explain specifically why there are insubstantial differences between those portions and the claim elements. *See UCB, Inc. v. Watson Labs., Inc.*, C.A. No. 14-1083, 2017 WL 11646645, at *26 (D. Del. Nov. 14, 2017) ("UCB has demonstrated that polyisobutylene is equivalent to an acrylate or silicone polymer here, meaning that there is no vitiation of the claim element."); *Bausch & Lomb Inc. v. SBH Holdings LLC,* C.A. No. 20-1463, 2025 WL 1005815, at *8 (D. Del. Apr. 3, 2025) ("[V]itiation test cannot be satisfied merely by noting that the equivalent substitute is outside the claimed limitation's literal scope."); *Guardant Health, Inc. v. Found. Med., Inc.*, 2020 U.S. Dist. LEXIS 271205, at *20-21 (D. Del. May 7, 2020) ("Guardant's expert provides a detailed explanation as to why the use of a base-by-base approach reflects an insubstantial difference to

generating a consensus sequence for multiple bases, … The Court is thus not persuaded that the doctrines of vitiation or specific exclusion require grant of the motion.”).

Any remaining disputes over whether Revvo’s products infringe under DoE is a question of fact that cannot be resolved on summary judgment or judgment on the pleadings.

## VI. CONCLUSION

For the foregoing reasons, Revvo’s Motion should be denied and Cerebrum’s cross-motions granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

Karen Jacobs (#2881)
Jennifer Ying (#5550)
E. Paul Steingraber (#7459)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
kjacobs@morrisnichols.com
jying@morrisnichols.com
esteingraber@morrisnichols.com

*Attorneys for Plaintiffs Cerebrum Sensor Technologies, Inc. and Rubber Label Technologies LLC*

OF COUNSEL:

Christopher D. Bright
SNELL & WILMER L.L.P.
Plaza Tower
600 Anton Boulevard, Suite 1400
Costa Mesa, CA 92626-7689
(714) 427-7000

Christopher Franich
SNELL & WILMER L.L.P.
Executive Center Del Mar
12230 El Camino Real, Suite 300
San Diego, CA 92130
(858) 343-5020

Morgan R. Povinelli
SNELL & WILMER L.L.P.
2001 K Street NW
Suite 425 North
Washington, DC 20006
(202) 925-5961

September 11, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 11, 2026, upon the following in the manner indicated:

Kelly E. Farnan, Esquire *VIA ELECTRONIC MAIL*
Sara M. Metzler, Esquire
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
*Attorneys for Defendant Revvo Technologies, Inc.*

Karen Boyd, Esquire *VIA ELECTRONIC MAIL*
Bethany Bengfort, Esquire
Victoria A. Moffa, Esquire
THOMPSON HINE LLP
155 Bovet Road, Suite 600
San Mateo, CA 94402
*Attorneys for Defendant Revvo Technologies, Inc.*

William E. Manske, Esquire *VIA ELECTRONIC MAIL*
THOMPSON HINE LLP
800 Nicollet Ave., Suite 2925
Minneapolis, MN 55402
*Attorneys for Defendant Revvo Technologies, Inc.*

*/s/ Jennifer Ying*

Jennifer Ying (#5550)